

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

| | |
|---|---|
| PAUL J. FISHMAN<br>*United States Attorney*<br><br>MATTHEW J. SKAHILL<br>*Deputy Attorney-in-Charge, Camden* | CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE    856/757-5026<br>401 Market Street, 4th Floor                              Fax: 856/968-4917<br>Post Office Box 2098<br>Camden NJ 08101-2098 |

January 19, 2017

Christopher O'Malley, Esq.
Assistant Federal Public Defender
Federal Public Defender's Office
800 Cooper Street, Suite 350
Camden, New Jersey 08102

17-29 (JHR)

    Re:    <u>Plea Agreement with Harold Miller</u>

Dear Mr. O'Malley:

    This letter sets forth the plea agreement between your client, Harold Miller, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from defendant Harold Miller to a one count Information, which charges Harold Miller with conspiracy to distribute and possess with intent to distribute a detectable amount of cocaine base, a Schedule II controlled substance, contrary to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), in violation of 21 U.S.C. § 846. If Harold Miller enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Harold Miller for conspiring to distribute and possess with intent to distribute cocaine base between May 2014 and September 2015. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Harold Miller agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Harold Miller may be commenced against him, notwithstanding the expiration of the limitations period after Harold Miller signs the agreement.

Sentencing

The violation of 21 U.S.C. § 846 to which Harold Miller agrees to plead guilty carries a statutory maximum prison sentence of 20 years, and a statutory maximum fine equal to the greatest of: (1) $1,000,000; or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense.

The sentence to be imposed upon Harold Miller is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Harold Miller ultimately will receive.

Further, in addition to imposing any other penalty on Harold Miller, the sentencing judge: (1) will order Harold Miller to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Harold Miller to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) may order Harold Miller, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) may deny Harold Miller certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and (5) pursuant to 21 U.S.C. § 841 must require Harold Miller to serve a term of supervised release of at least 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Harold Miller be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Harold Miller may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Harold Miller by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Harold Miller's activities and relevant conduct with respect to this case.

Stipulations

      This Office and Harold Miller agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Harold Miller from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

      As set forth in Schedule A, this Office and Harold Miller waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

      Harold Miller understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Harold Miller understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Harold Miller wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Harold Miller understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Harold Miller waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to

withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Harold Miller. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Harold Miller.

No provision of this agreement shall preclude Harold Miller from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Harold Miller received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Harold Miller and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

BY:   MATTHEW J. SKAHILL
Assistant U.S. Attorney

APPROVED:

_____
R. STEPHEN STIGALL
Attorney-in-Charge, Camden

4

I have received this letter from my attorney, Christopher O'Malley, Esquire. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_Harold Miller_                              Date: 1/24/17
HAROLD MILLER

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_[signature]_                                Date: 1-24-17
CHRISTOPHER O'MALLEY, ESQUIRE

<u>Plea Agreement With Harold Miller</u>

Schedule A

1. This Office and Harold Miller recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Harold Miller nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2016 applies in this case. The applicable guideline is U.S.S.G. § 2D1.1.

3. Harold Miller is responsible for conspiring to distribute and possess with intent to distribute between 280 grams and 840 grams of cocaine base. Accordingly, the Base Offense Level is 30. <u>See</u> U.S.S.G. § 2D1.1(c)(5).

4. Harold Miller was an organizer, manager or supervisor of a criminal enterprise that was not extensive in scope, planning, or preparation. Therefore, the Base Offense Level is increased by 2 levels. <u>See</u> U.S.S.G. § 3B1.1(c).

5. As of the date of this letter, Harold Miller has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Harold Miller's acceptance of responsibility continues through the date of sentencing. <u>See</u> U.S.S.G. § 3E1.1(a).

6. As of the date of this letter, Harold Miller has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Harold Miller's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Harold Miller enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Harold Miller's acceptance of responsibility has continued through the date of sentencing and Harold Miller therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Harold Miller's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

7. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Harold Miller will be 29 (collectively, "the agreed total Guidelines offense level").

8. The parties agree not to seek or argue for any upward or downward departures or adjustments (at Step II of Sentencing) not set forth herein. Harold Miller will seek a one level downward variance (at Step III of Sentencing) and this Office will not oppose this request. This Office and Harold Miller will ask this Court to sentence the defendant consistent with offense level 28.

9. Harold Miller knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the total Guidelines offense level of 28. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the total Guidelines offense level of 29. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

10. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.